FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2012 MAR 15  AM 11: 14

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
JACKSONVILLE FLORIDA

ROBBIE WAYNE TYNER,

              Plaintiff,

v.                          Case No. 3:12-cv-204-J-20MCR

DON DAVIS,
et al.,

              Defendants.

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, an inmate of the Florida penal system, initiated this action by filing pro se Civil Rights Complaint Form (Complaint) (Doc. #1) on February 27, 2012, pursuant to 42 U.S.C. § 1983. In the style of the case, Tyner names Warden Don Davis as the only Defendant in the action, but then names Colonel Maddox as well as other individuals responsible for ignoring his requests for protection from other inmates. Plaintiff asserts that other inmates have threatened him on the yard at Columbia Correctional Institution and that his requests to various prison officials for protective custody have been denied. As relief, he requests monetary damages for mental anxiety and emotional stress as well as a transfer away from Columbia Correctional Institution and outside of the Department's Region II.

The Prison Litigation Reform Act requires the Court to dismiss this case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is

immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Additionally, the Court must read Plaintiff's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972).

"A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.) (citing Battle v. Central State Hospital, 898 F.2d 126, 129 (11th Cir. 1990)), cert. denied, 534 U.S. 1044 (2001). A complaint filed in forma pauperis which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Section 1915(e)(2)(B)(i) dismissals should only be ordered when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). "Frivolous claims include claims 'describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" Bilal, 251 F.3d at 1349 (quoting Neitzke, 490 U.S. at 328). Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. Bilal v. Driver, 251 F.3d at 1349.

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law and (2) such deprivation occurred under color of state law." Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam) (citations

omitted). Moreover, the Eleventh Circuit "'requires proof of an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation' in § 1983 cases." Rodriguez v. Sec'y, Dep't of Corr., 508 F.3d 611, 625 (11th Cir. 2007) (quoting Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986)). More than conclusory and vague allegations are required to state a cause of action under 42 U.S.C. § 1983. See L.S.T., Inc., v. Crow, 49 F.3d 679, 684 (11th Cir. 1995) (per curiam); Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984).

Thus, in the absence of a federal constitutional deprivation or violation of a federal right, Plaintiff cannot sustain a cause of action against the Defendants under 42 U.S.C. § 1983. Undoubtedly, prison officials have a duty to protect prisoners from violence from other prisoners. See Woody v. Cronic, 401 Fed.Appx. 509, 512-13 (11th Cir. 2010) (citation omitted) (not selected for publication in the Federal Reporter). Here, according to Plaintiff, he requested protective custody due to other inmates verbally abusing and threatening him, but that the prison officials determined that he did not need to be placed in a special protective custody status. While Plaintiff now requests a transfer away from Columbia Correctional Institution and outside of Region II, this Court does not have the authority to direct the Department to transfer him. Nevertheless, Plaintiff may seek that relief by

requesting an investigation of the alleged cruel and unusual punishment by initiating a grievance pursuant to the Department's administrative grievance procedures.

Moreover, Plaintiff's action for compensatory and punitive damages against the Defendants for mental or emotional injuries is barred by 42 U.S.C. § 1997e(e) as long as he remains incarcerated. See Napier v. Preslicka, 314 F.3d 528, 531-32 (11th Cir. 2002), cert. denied, 540 U.S. 112 (2004). Section 1997e(e) "applies only to lawsuits involving (1) Federal civil actions (2) brought by a prisoner (3) for mental or emotional injury (4) suffered while in custody." Id. at 532. Thus, pursuant to § 1997e(e), a prisoner bringing a § 1983 action must demonstrate a physical injury that is more than de minimus in order to recover compensatory or punitive damages for mental or emotional injury suffered while in custody. Al-Amin v. Smith, 637 F.3d 1192 (11th Cir. 2011); Hale v. Sec'y, Dept. of Corr., 345 Fed.Appx. 489, 491 (11th Cir. 2009) (per curiam) (citation omitted) (not selected for publication in the Federal Reporter). Plaintiff does not allege any physical injury as a result of Defendants' actions; he simply states that the Defendants have failed to grant his requests for protective custody.[1]

---

[1] An action barred by § 1997e(e) is barred only during the imprisonment of Plaintiff. Thus, this case will be dismissed without prejudice to his right to bring his claim after he is released.

4

Therefore, this case will be dismissed without prejudice to Plaintiff's right to pursue other avenues at the state agency level if he elects to do so and then refile in this Court. Plaintiff may initiate a new civil rights action in this Court by filing a civil rights complaint on the enclosed civil rights complaint form. The Clerk of the Court will be directed to send the proper forms to Plaintiff for his use in initiating a civil rights action, if he elects to do so. Nevertheless, in light of Plaintiff's allegations and his assertion that he has submitted grievances that the Department has not answered, this Court, as a precautionary measure, will direct the Clerk of the Court to immediately send a copy of Plaintiff's Complaint (Doc. #1) and this Order to the Warden of Columbia Correctional Institution and the Secretary of the Florida Department of Corrections for an investigation into these allegations and to follow up with Tyner regarding the results of the investigation, if deemed appropriate.

Accordingly, it is now

**ADJUDGED:**

1. **The Clerk of the Court shall immediately send** (via facsimile) a copy of Plaintiff's Complaint (Doc. #1) and this Order to the Warden of Columbia Correctional Institution and the Secretary of the Florida Department of Corrections for an investigation into these allegations and to follow up with

Plaintiff regarding the results of the investigation, if deemed appropriate.

  2.   This case is hereby **DISMISSED** without prejudice to Plaintiff's right to refile his claims.

  3.   The Clerk of the Court shall enter judgment accordingly and close this case.

  4.   The Clerk of the Court shall send Plaintiff a civil rights complaint form and an Affidavit of Indigency form. If Plaintiff elects to refile his claims,[2] he may complete and submit these forms. Plaintiff should not place this case number on the forms. The Clerk will assign a separate case number if Plaintiff elects to refile.

  **DONE AND ORDERED** at Jacksonville, Florida, this 15th day of March, 2012.

UNITED STATES DISTRICT JUDGE

sc 3/12
c:
Robbie Wayne Tyner, CCI

---

  [2] Plaintiff must set forth only related claims in one civil rights complaint. If there are unrelated claims, he should file a separate civil rights complaint form for each unrelated claim.